**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| |
|---|
| **UNITED STATES OF AMERICA,** |
| **v.** |
| **HUNTER HAITHCOCK,** |
| **Defendant.** |

**Case No. 1:24-cv-02585-JRR**

## APPLICATION OF UNITED STATES TO INTERVENE AND STAY PROCEEDINGS

The United States of America, by and through its attorneys, states the following in support of its application to intervene in this matter pursuant to Rule 24 of the Federal Rules of Civil Procedure and to stay the defendant's obligation to answer the civil complaint and discovery pending the resolution of a parallel criminal case.  In support of this motion the Government states as follows:

1.      On August 21, 2024, a grand jury in the District of Maryland returned an indictment charging Defendant Hunter Haithcock in Count One through Four with wire fraud and investment advisor fraud, in violation of 18 U.S.C. §1343 and 15 U.S.C. §80b-6 and §80b-17, and Count Five with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).  *See United States v. Hunter Haithcock*, Case Number 1:24-cr-00248-MJM (ECF No. 1.)[1]

2.      On September 6, 2024, the Securities and Exchange Commission ("SEC") filed this civil action against Defendant Hunter Haithcock (ECF No. 1).  The Complaint alleges various violations of the securities laws stemming from the Defendant's posing as a licensed

---

[1] The criminal matter is assigned to Judge Maddox.  A scheduling Order in the criminal case has not yet been entered.

securities professional associated with a registered broker-dealer and investment adviser.  The complaint alleges that from September 2019 through at least November 2022, the Defendant obtained more than $520,000 from at least 50 investors with the promise of the clients' investment principal was protected and guaranteed significant profits all while the defendant diverted investor monies for personal use or to make "Ponzi-like payments" to earlier investors to maintain the scheme.

3.      Similarly, the Indictment alleges that the Defendant posed as an investment advisor employed by a large brokerage firm, and misappropriated at least $600,000 from at least 50 investors.  According to the Indictment, the defendant falsely represented his name as Hunter Elliott and he approached investors, falsely representing to them that he worked as securities broker and he then persuading investors to entrust him with money by representing to them that he would invest the money in securities and earn the investors a substantial profit, when in fact he intended to use, and did use, the funds for his own personal use and benefit. The Defendant also attempted to use his relationship with investors that entrusted money to him to solicit additional funds from other investors in Maryland, including friends and relatives of the initial investors.   Instead of investing investors' funds for their benefit as he had promised, the Indictment states that the defendant spent the money for his own personal use, including paying expenses such as car payments, airplane tickets, restaurant purchases, entertainment expenses, and he also invested the funds for his own personal benefit.

4.      The facts underlying the civil and criminal cases overlap in critical ways. They cover the same time period and the same funds received from investors. Both the criminal case and the SEC's case focus on the defendant's activities with respect to investors during the same time period. The representations or misrepresentations made to investors and prospective

2

investors, the true expenditures, the tracing of investor funds from receipt through final use, and the creation of false reports are all part of the same conduct and the same fact pattern.

5.      Many of the witnesses in this civil action will also be witnesses in the criminal case.  For instance, many of the investors are likely to be witnesses in each case.

6.      Pursuant to Federal Rule of Civil Procedure 24, upon timely application, a third party may intervene as of right in an action when: "an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b). Where a civil action shares the same common questions of fact as a parallel criminal proceeding, courts have allowed the United States to intervene and have granted a stay in the civil action.  *Bureerong v. Uvawas*, 167 F.R.D. 83, 85-86 (C.D. Cal. 1996) (allowing United States to intervene under Rule 24(b) for the limited purpose of seeking a stay of discovery); *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1009 (S.D.N.Y. 1992) (same); *Bridgeport Harbour Place I, LLC v. Ganim*, 269 F. Supp.2d 6, 8 (D. Conn. 2002) (granting United States' motion to intervene finding that the parallel criminal and civil actions involved common questions of fact and law).

7.      In this case, the Government's motion was filed at an early stage of the civil litigation.  Moreover, the criminal proceedings and the civil action here involve common questions of fact- namely whether the defendant intentionally defrauded investors out of their money based on misrepresentations and falsified documents.  As such, the United States should be permitted to intervene under Federal Rule of Civil Procedure 24(b).

8.      The Government further requests that the Court order that the defendant's obligation to answer the complaint and civil discovery be stayed. This Court has the discretionary authority to stay a case if the interests of justice so require.  *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970).  "[T]he power to stay proceedings is incidental to the power inherent

in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maryland v. Universal Elections*, 729 F.3d 370, 379 (4th Cir. 2013) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  Federal courts defer civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seem to require such action. *See Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 530 (S.D. W. Va. 2005) (collecting the following cases: *Campbell v. Eastland*, 307 F.2d 478, (5th Cir. 1962); *United States v. Bridges*, 86 F. Supp. 931, 933 (N.D. Calif. 1949); *United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353-354 (S.D.N.Y. 1966); *United States v. $ 2,437 United States Currency*, 36 F.R.D. 257 (E.D.N.Y. 1964); *United States v. Steffes*, 35 F.R.D. 24 (D. Mont. 1964); *United States v. Maine Lobstermen's Assn.*, 22 F.R.D. 199 (D. Maine 1958); *United States v. Cigarette Merchandisers Assn.*, 18 F.R.D. 497 (S.D.N.Y. 1955); *United States v. Linen Supply Institute*, 18 F.R.D. 452 (S.D.N.Y. 1955); *Kaeppler v. Jas. H. Matthews & Co.*, 200 F. Supp. 229 (E.D. Pa. 1961); *Perry v. McGuire*, 36 F.R.D. 272 (S.D.N.Y. 1964); *cf. Nichols v. Philadelphia Tribune Co.*, 22 F.R.D. 89, 92 (E.D. Pa. 1958)).

9.      The Government believes that permitting the civil discovery process to move forward in this case will interfere with the integrity of the criminal process and possibly have an improper impact on the success of the criminal prosecution. *See, e.g., S.E.C. v. Nicholas*, 569 F. Supp. 2d 1065, 1071-72 (C.D. Cal. 2008) (noting that a stay of a civil SEC proceeding is appropriate to maintain the integrity of the criminal discovery mechanisms, which are "designed to protect the integrity and truth-seeking function of the criminal process"). Thus, the Government respectfully requests that this proceeding be stayed to prevent circumvention of the Rules of Criminal Procedure and to preserve the integrity of the criminal case.

10.     The defendant is not currently represented in the civil matter, but his counsel in the criminal action has advised that he concurs with this request.

11.     The Securities and Exchange Commission does not oppose the stay of this proceeding. It is the Government's position that the defendant will not be prejudiced by the delay sought by the Government here.

WHEREFORE, the United States respectfully requests to intervene and for an order staying this proceeding pending the resolution of the criminal case.


Dated: October 22, 2024

                              Respectfully submitted,


                              Erek L. Barron
                              United States Attorney

                              _____/s/_____
                              LaShanta Harris
                              Paul A. Riley
                              Assistant United States Attorneys
                              36 S. Charles Street, 4th Floor
                              Baltimore, Maryland 21201-2692
                              (410) 209-4800